OPINION
Appellant Justin Owens appeals from an order of the juvenile division of the Montgomery County Common Pleas Court finding him to be a delinquent child, and committing him to the custody of the Department of Youth Services for a minimum of six months, up to a maximum of the attainment of the age of twenty-one years. Owens contends that the trial court erred by ordering his commitment without exploring less restrictive alternatives, and after representing to him that it would consider a disposition other than commitment. The crux of Owens' argument is that an acting magistrate, in accepting his admission of responsibility, represented that the matter would be referred to the trial court's "assessment, planning and treatment team," and that any final decision on disposition would be deferred to the regular magistrate for final decision, but that the acting magistrate, in derogation of this representation, after having accepted Owens' admission of responsibility, proceeded immediately to commit him to the Department of Youth Services.
The regular magistrate ultimately rendered a decision containing all of the necessary and appropriate findings to support committing Owens to the Department of Youth Services, and ordered his commitment. The trial judge immediately adopted the decision, but noted, in the entry adopting it as an order of the court, that the parties had fourteen days within which to object to the decision. No objection was filed.
Because we conclude that Owens' assignment of error is precluded by Juv.R. 40(E)(3)(b), which precludes a party from assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion, Owens' assignment of error is overruled, and the judgment of the trial court isAffirmed.
 I
Owens, who was then sixteen years old, was charged with delinquency resulting from acts that would, if committed by an adult, have constituted two counts of Attempted Grand Theft of an Automobile, and one count of Possession of Criminal Tools. He was also charged with a violation of probation and suspended commitment, as a result of a previous adjudication of delinquency, by reason of having left a placement at Visions for Youth.
Owens appeared before an acting magistrate, with his attorney, and entered into an agreement with the State wherein he admitted responsibility for the two Attempted Grand Theft charges, and the Possession of Criminal Tools and probation violation charges were dismissed by the State. Following a thorough discussion of the potential consequences of Owens' admission of responsibility, the following colloquy occurred:
 THE COURT: All right. Also any range (unintelligible) because I don't know how many they're going to plead to or whatever, but for example if there's a possibility you admitted to all of them the court could still go six months to 21, 12 months to 21, 18, it has all of those ranges because you have the number of charges. If in the end this is plea bargained out, there's only two left for example, then the most would be one year to 21.
 I think your lawyer asked me if the ultimate consequence was such a consequence what would the court's position be and I said well, my position would be probably concurrent but I do want you to know that Magistrate Dorsten will be the one who makes that decision, not me.
Do you understand that?
THE JUVENILE: Yes, sir.
 THE COURT: We're also looking at not committing you, at least by our program, we look at those resources.
 MR CORBIN: [representing the juvenile]: (Unintelligible) your Honor.
THE COURT: But we are, I believe, it's been asked —
MR CORBIN: Thank you, your Honor.
 THE COURT: I believe your lawyer made me aware that someone from our assessment, planning and treatment team has asked that your case be referred to their program, is that what you told me, Mr. Corbin?
MR. CORBIN: That is true, your Honor.
 THE COURT: All right, so then I will be making that referral and not making the final decision today anyway, I will be continuing it to Magistrate Dorsten for final decision. Is that understood?
THE JUVENILE: Yes, sir.
Later, it became clear that the agreement would be for Owens to admit responsibility to the two counts of Attempted Grand Theft, with the Possession of Criminal Tools count and the probation violation count being dismissed. The acting magistrate then addressed Owens concerning the specific consequences of that plea bargain:
 THE COURT: If that's the case and you decide to accept that offer again just to remind you the maximum then is 12 months to 21 and obviously if it's ran [sic] concurrent it would be six months to 21.
 Again obviously we're still going to look at other options, I'm not going to just automatically say you're going to be committed. But I did want you to understand the maximum consequence if you accept the plea agreement, do you understand?
THE JUVENILE: Yes, sir.
 THE COURT: And you do wish to accept this plea agreement, is that correct?
THE JUVENILE: Yes, sir.
The acting magistrate ultimately accepted the admission of responsibility to the two counts of Attempted Grand Theft. The magistrate then elicited the recommendations of its probation officer, a representative from Children Services, the prosecutor, and the guardian ad litem, all of whom recommended commitment to the Department of Youth Services. The acting magistrate then heard Owens' attorney speak to the issue of disposition. The trial court then gave Owens a chance to speak, and engaged Owens in a colloquy in which the acting magistrate specifically asked Owens to give him some reason why Owens should not be committed.
After reviewing Owens' substantial history of delinquent acts and probation violations, the magistrate announced his decision from the bench, as follows:
 The court in this matter hereby commits this youth to the Ohio Department of Youth Services for an indefinite minimum of six months up to age 21. The commitments are to run concurrent on both counts at this time.
 I'm going to order restitution on both numbers at this time. You may still refer the case to the assessment planning and treatment team in the meantime. If they want me to reconsider by way of motion or court's own motion then I'll obviously make a different decision to let this youth have a different option other than being committed to the Department of Youth Services.
 So I am still going to give you the opportunity to be considered for something different but I am going to go ahead and make the order and sentence today and the court is going to order that you be committed for the six months to age 21 on both counts. It is to run concurrently, so at the same time, so six months is the minimum, 21 is the maximum as far as the age.
* * *
 I know this being a Friday you'll still be able to be looked at before you leave next week if that's what happens and if somebody can come up with a plan that is alternative than being committed I very well may give you that chance. But that's the last one.
Do we understand each other?
THE JUVENILE: Yes, sir.
 THE COURT: And if not then you need to do your time and get this completed and get out and quit stealing and involving yourself even with people who steal or you're going to end up doing, you know, just going back and forth to the institution all the way through your 18th birthday and longer.
 Do we make each other understand what we're talking about?
THE JUVENILE: Yes, sir.
 THE COURT: I will remind you of your right to object to my written decision within 14 days from the date of filing, a right to appeal the final order of this court within 30 days from the date of the final order. You may still expunge it and seal your record two years after your last contact with juvenile court.
 Otherwise good luck to you, be a successful, mature, responsible young man, complete your restitution, do your time and get out and if you get another option obviously I'll have a different hearing and I'll bring you back down before the court and we'll do something different.
Do you understand?
THE JUVENILE: Yes, sir.
The hearing before the acting magistrate was on April 6, 2001. On April 12, 2001, the regular magistrate, John Dorsten, filed a decision and order in which he: (1) found Owens to be a delinquent child by virtue of his having committed an act that, if committed by an adult, would constitute Attempted Grand Theft Auto; (2) found that Owens could benefit from being committed to the legal custody of the Department of Youth Services for care and rehabilitation, and that commitment to the Department of Youth Services is the least restrictive form of treatment that is appropriate; (3) found that continuation of Owens in his own home would be contrary to his interest and welfare; (4) found that reasonable efforts had been made to prevent Owens' removal from the home or to eliminate his continued removal from the home or to make it possible for him to return home, or that reasonable efforts could not have been made because the exigent nature of the circumstances prevented the provision of services to the family prior to removal; (5) found that Owens' commitment to the custody of the Department of Youth Services was in his best interests, and that he was a suitable person to be so committed; and (6) ordered Owens commited to the Department of Youth Services for a minimum period of six months, up to a maximum period not to exceed his twenty-first birthday. This order was adopted by the trial court on the same date, in the following entry:
 The above Magistrate's Decision is hereby adopted as an Order of this Court. The parties have fourteen (14) days to object to this decision and may request Findings of Fact and Conclusion [sic] of Law pursuant to Civil Rule 52 and Montgomery County Juvenile Court Rule 5.11.
 On April 30, 2001, an amended magistrate's decision and judge's order adopting that decision was entered. The amended decision and order were identical to the decision and order entered on April 12, 2001, except for the addition of a reference to R.C. 2913.02 as the statutory prescription for the offense of Grand Theft. The decision and order filed April 30, 2001, contained a judge's order adopting the magistrate's decision identical to the one contained in the entry filed April 12, 2001. Specifically, it notified the parties that they had fourteen days to object to the decision. No objection was filed to the decision and order committing Owens to the Department of Youth Services. From the decision and order committing him, Owens appeals.
 II
Owens' sole assignment of error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN COMMITTING APPELLANT TO THE DEPARTMENT OF YOUTH SERVICES WITHOUT EXPLORING LESS RESTRICTIVE ALTERNATIVES, AFTER REPRESENTING TO THE CHILD IT WOULD LOOK AT NOT COMMITTING HIM.
The decision and order committing Owens to the Department of Youth Services was based upon factual findings and legal conclusions set forth in the magistrate's decision, which was adopted by the trial court. Owens argues that these findings, which include a finding that his commitment to the Department of Youth Services "is the least restrictive form of treatment which is appropriate," should not have been made without the trial court first having considered input from "someone from our assessment, planning and treatment team," which the acting magistrate had represented, at the proceedings during which Owens' admission of responsibility was accepted, would be considered before any final disposition was made. Essentially, then, Owens is assigning as error the trial court's adoption of the magistrate's finding that Owens' commitment to the Department of Youth Services was the least restrictive form of treatment that would be appropriate.
Juv.R. 40(E)(3)(d) provides, in pertinent part, as follows:
 A party shall not assign as error on appeal the court's adoption of any finding of fact and conclusions of law unless the party has objected to that finding or conclusion under this rule.
Owens did not object to the magistrate's finding upon which the order committing him to the Department of Youth Services was predicated. Pursuant to Juv.R. 40(E)(3)(b), then, he may not assign as error the adoption of that finding of fact.
We are somewhat troubled by the acting magistrate's having represented to Owens, before accepting his admission, that some additional input would be considered before any final decision would be made whether to commit him to the Department of Youth Services. However, the acting magistrate also indicated that his oral decision, announced from the bench, to commit Owens was not necessarily final, but would be reconsidered if an appropriate alternative were proposed. We are confronted with a record that is silent with respect to anything that may have been done between the acting magistrate's oral announcement of his decision, on April 6, 2001, and the entries of the regular magistrate's decision, and the trial court's order adopting those decisions, on April 12, 2001, and April 30, 2001. It may be that the trial court entered judgment in this matter without having allowed input from its "assessment, planning and treatment team." Alternatively, it may be that the recommendation from that source was adverse to Owens, or that it was favorable to Owens and was considered by the trial court, as promised, but was rejected.
The fact that the record is silent on this issue illustrates the importance of the requirement in Juv.R.40(E)(3)(b) that a party must object to a finding of fact or conclusion of law before assigning the adoption of that finding or fact or conclusion of law as error. Had Owens objected, thereby bringing to the attention of the trial judge his claim that a promise had been made to him, and not kept, the trial judge could have made a record on that issue. The trial judge might have found Owens' objection well-taken and given him relief. Had the trial judge overruled his objection, we would then have a record from which we could determine whether the trial court had failed to keep a promise made to Owens in connection with his admission of responsibility, and, if so, whether Owens was prejudiced as a result.
The significance of Juv.R. 40(E)(3)(b), and its counterpart in Civ.R. 53(E)(3)(b), is that the trial judge, who is accountable to the electorate, must be given the first opportunity to correct errors occurring in the trial court. In the case before us, because Owens made no objection to the magistrate's decision, it is entirely possible that neither the trial judge, nor, in this case, even the regular magistrate, was aware of any promises that may have been made to Owens by the acting magistrate in connection with the acceptance of his admission of responsibility.
Because Owens failed to object to the trial court's adoption of the magistrate's finding that his commitment to the Department of Youth Services was the least restrictive form of treatment that was appropriate, we conclude that he has waived any claim that the trial court erred by adopting that finding and the order of commitment depending, in part, upon that finding. This waiver includes, specifically, a claim of error based upon the adoption of the finding without having first obtained some additional input, as promised in connection with the acceptance of Owens' admission of responsibility.
 III
Owens' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.